**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TRACEY DAMRAU, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>COLIBRI GROUP, LLC.<br><br>        Defendant. | Case No. 4:24-cv-01441-SEP<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT'S MOTION TO DISMISS**

Defendant Colibri Group, LLC moves to dismiss Plaintiff's Amended Complaint because it seeks to distort the Video Privacy Protection Act ("VPPA") far beyond the "quite narrow" scope intended for the law in 1988, when Congress prohibited the unauthorized disclosure of an individual's movie viewing habits. In addition, the Amended Complaint fails to state a claim because (1) Colibri Group, LLC is not the correct defendant; (2) even if the VPPA applied to the disclosures in question, the disclosed information does not constitute Personally Identifiable Information as defined by the VPPA because it does not identify any "specific video materials or services"; and (3) even if the VPPA applied to the disclosures in question, the screenshots provided in the Amended Complaint demonstrate that the complex computer code which Plaintiffs contend is disclosed to Facebook and TikTok does not allow an ordinary person to identify Plaintiffs' identity or the titles of any videos they requested or obtained.

For these reasons and the reasons set forth in Defendant's Memorandum in Support of this Motion, which is being filed contemporaneously herewith, the Amended Complaint should be dismissed with prejudice.

# REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 4.02(B), Defendant Colibri Group, LLC respectfully requests oral argument on its Motion to Dismiss.

Defendant moves to dismiss Plaintiff's claims asserted under the Video Privacy Protection Act, 18 U.S.C. § 2710. The VPPA was enacted in 1988, but litigation under the statute was sparse until a recent proliferation as plaintiff's attorneys began attempting to exploit the statute's "not well drafted" definitions, *Wilson v. Triller, Inc.*, 598 F. Supp. 3d 82, 90 (S.D.N.Y. 2022) (citation omitted), to expand its reach far beyond the "quite narrow" scope Congress intended, *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 284-85 (3d Cir. 2016), in an effort to avail themselves of the statute's high statutory damages. To date, almost all VPPA litigation has occurred within other circuits and interpretations of the statute have not been uniform. Undersigned counsel has not located any decision from the Eighth Circuit nor within this district addressing claims under the VPPA. The motion therefore raises complex issues of law, technology, and policy that are of first impression for the Court and lack guidance from the Eighth Circuit.

Defendant believes oral argument would be beneficial and respectfully requests the Court exercise its discretion to allow oral argument on its Motion to Dismiss at a time convenient to the Court, and grant such other and further relief as this Court deems just and proper.

Dated: January 23, 2024

*/s IJay Palansky*____
IJay Palansky (*admitted pro hac vice*)
ipalansky@atllp.com
ARMSTRONG TEASDALE LLP
4642 S. Ulster Street, Suite 800
Denver, Colorado 80237
(720) 200-0676

Paul Croker (Bar #57000)
Nick Slovikoski (Bar #73019)
pcroker@atllp.com
nslovikoski@atllp.com
ARMSTRONG TEASDALE LLP
2345 Grand Blvd., Suite 1500
Kansas City, Missouri 64108
Telephone: 816.221.3420
Fax: 816.221.0786

COUNSEL FOR COLIBRI GROUP, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 23, 2025, the foregoing was filed electronically using the Court's CM/ECF system which will serve a copy upon all parties of record.

*/s/ IJay Palansky*_____