# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TRACEY DAMRAU, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COLIBRI GROUP, LLC. <br><br> Defendant. | Case No. 4:24-cv-01441-SEP |

## JOINT STIPULATED PROTECTIVE ORDER

Plaintiffs ("Plaintiff") and Defendant Colibri Group, LLC ("Defendant") (referred to jointly as the "Parties"), by their respective counsel, hereby stipulate to the entry of the following Protective Order pursuant to Fed. R. Civ. P. 26(c):

**Proceedings and Information Governed**.

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any Party to any other Party, and it includes any non-party who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a Party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

2.     Third parties producing documents in the course of this litigation may also designate documents as "Confidential Information" or "Confidential Attorney Eyes Only Information," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties, even if not designated by such third parties as "Confidential Information" or "Confidential Attorney Eyes Only Information" shall be treated by the parties to this action as Confidential Information for a period of fifteen (15) days from the date of their production. During that fifteen (15) day period, any party may designate such documents as "Confidential Information" or "Confidential Attorney Eyes Only Information" pursuant to the terms of this Protective Order.

**<u>Designation and Maintenance of Information</u>**.

3.     For purposes of this Protective Order, (a) the "Confidential" designation means that the document contains confidential and/or proprietary information related to Defendant's business operations, including proprietary research, formulas, algorithms, policies and procedures, product analysis, marketing analysis and data, revenue and financial data, trade secrets, user information in which non-parties possess privacy interests, or other information required by law or agreement to be kept confidential ("Confidential Information") and (b) the "Confidential Attorney Eyes Only" designation means that the document is comprised of information that the producing Party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, sales, or any other sensitive trade secret information ("Confidential Attorney Eyes Only Information"). Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the Party to whom disclosure is made—unless that Party is already bound by agreement not to disclose, possess, or maintain such

information—or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

4. Documents and things produced during the course of this litigation within the scope of this Order, may be designated by the producing Party as containing Confidential Information by placing on each page, to the extent practicable—otherwise on the first page or a cover page:

**CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing Party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows, to the extent practicable—otherwise on the first page or a cover page:

**CONFIDENTIAL ATTORNEY EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

A Party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any Party will have fifteen (15) calendar days after receipt of the transcript of the deposition to designate, in writing to the other Parties and to the court reporter, whether any portions of the transcript are to be designated as Confidential Information or Confidential Attorneys Eyes Only Information. If no such designation is made at the deposition or within this fifteen (15) calendar-day period (during which period, the transcript must be treated as Confidential Information or Confidential Attorneys Eyes Only Information, unless the disclosing Party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information. Each Party and the court reporter must attach a copy of any final and timely written designation

notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each Party to maintain materials containing Confidential Information or Confidential Attorneys Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate**.

5.     The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing Party from designating such information as confidential at a later date in writing. The information must be treated by the receiving Party as confidential from the time the receiving Party is notified in writing of the change in the designation.

**Challenge to Designations.**

6.     A receiving Party may challenge a producing Party's designation at any time. Any receiving Party disagreeing with a designation may request in writing that the producing Party change the designation. The producing Party will then have ten (10) business days after receipt of a challenge notice to advise the receiving Party whether or not it will change the designation. If the disclosing Party and challenging receiving Party are unable to reach agreement after the expiration of this ten (10) business day time-frame, and after a meet and confer conference, the receiving Party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

   7. Information designated as Confidential Information or Confidential Attorney Eyes Only Information may be used only for purposes of preparation, trial, and appeal of this action.

   Confidential Information may be disclosed by the receiving Party only to the following individuals, provided that such individuals listed in subsections (i), (ii), (vi), (vii), (viii), (x), and (xi) below are informed of the terms of this Protective Order:

   (i) The receiving Party, including any employees, agents, and representatives of the Parties, or former employees, who need to review the Confidential Information for purposes of this lawsuit;

   (ii) Outside counsel for the receiving Party and supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services employees of counsel;

   (iii) The Court and Court personnel, including any special master appointed by the Court;

   (iv) Court reporters, recorders, and videographers engaged for depositions;

   (v) Any mediator appointed by the Court or jointly selected by the Parties;

   (vi) Any expert witness or outside consulting expert retained specifically in connection with this litigation, and only after such persons have been informed of this Protective Order and signed the Confidentiality Agreement in the form attached hereto as Exhibit A;

   (vii) Fact, deposition and/or trial witnesses, to whom disclosure is reasonably necessary, to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have been informed of this Protective Order and signed the Confidentiality Agreement in the form attached hereto as Exhibit A. Witnesses shall not retain a copy of documents containing Confidential Information, except

witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

(viii)  The author or recipient of the document (not including a person who received the document in the course of the litigation);

(ix)  Independent providers of document reproduction, electronic discovery, or other litigation support services retained or employed specifically in connection with this litigation;

(x)  Any other person to whom the disclosing Party agrees in writing, and on such conditions as the disclosing Party and receiving Party may agree; and

(xi)  Any person the Court specifically approves after counsel for the disclosing Party has been provided notice and an opportunity to object.

8.  Confidential Attorney Eyes Only Information may be disclosed by the receiving Party only to the following individuals, provided that such individuals listed in subsections (i), (v), (vi), (viii), and (ix) below are informed of the terms of this Protective Order:

(i) Outside counsel for the receiving Party and supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services employees of counsel;

(ii) The Court and Court personnel, including any special master appointed by the Court;

(iii)  Court reporters, recorders, and videographers engaged for deposition;

(iv)  Any mediator appointed by the Court or jointly selected by the Parties;

(v) Any expert witness or outside consulting expert retained specifically in connection with this litigation, and only after such persons have been informed of this Protective Order and signed the Confidentiality Agreement in the form attached hereto as Exhibit A;

(vi)  The author or recipient of the document (not including a person who received the

6

document in the course of the litigation); and

(vii) Independent providers of document reproduction, electronic discovery, or other litigation support services retained or employed specifically in connection with this litigation;

(viii) Any other person to whom the disclosing Party agrees in writing, and on such conditions as the disclosing Party and receiving Party may agree; and

(ix) Any person the Court specifically approves after counsel for the disclosing Party has been provided notice and an opportunity to object.

9. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit A.

**Non-Party Information.**

10. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

11. The Parties agree that Confidential Information or Confidential Attorney Eyes Only Information which are set forth, summarized, or otherwise referenced in transcripts, depositions, affidavits, exhibits, briefs, memoranda, discovery responses, or other documents or pleadings shall be filed under seal.  Such papers or transcript may be filed under seal only upon separate motion and order of the Court, and in accordance with the Local Rules and administrative procedures of the United States District Court for the Eastern District of Missouri governing filing under seal, including Local Rule 13.05.  A party that designates a document as confidential will revoke its designation of confidentiality if the party files the document not under seal with the Court unless

such filing is demonstrated to have been inadvertent and is cured within 5 days of the party being on notice of the deficiency.

12. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any Party that any particular Confidential Information or Confidential Attorney Eyes Only Information contains or reflects any type of confidential information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery or is otherwise objectionable; (c) prejudice the rights of a Party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a Party to apply to the presiding judge for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

13. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each Party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing Party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the producing Party that this destruction or return has been done. However, outside counsel for any Party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work files provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

14. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Protective Order who may be subject to a motion to disclose another Party's information designated Confidential pursuant to this Protective Order must promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

15. It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold Parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

**SO ORDERED**:

Signed _____ _____, 2025.

                                                                                                              _____
                                                                                                              HON. SARAH. E PITLYK
                                                                                                              U.S. DISTRICT COURT JUDGE

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

By my signature, I hereby acknowledge that I have read the Protective Order in *Tracey Damrau et al. v. Colibri Group, LLC*, Case No. 4:24-cv-01441-SEP, in the U.S. District Court for the Eastern District of Missouri, Eastern Division (the "Lawsuit"), to which this "Confidentiality Agreement" is attached as Exhibit A, and hereby agree to be bound by the terms thereof. I agree not to disclose any documents or information designated as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL ATTORNEYS EYES ONLY INFORMATION" (or any of the contents of such documents or information) except in accordance with the terms of the Protective Order, and that such documents or information shall be used only for the purposes and in the manner authorized by the Protective Order. I agree that to the extent that my employees are provided with confidential material, I will instruct such employees regarding the terms of the Protective Order and will ensure that such employees do not disclose confidential material except in accordance with the terms of the Protective Order. I further agree that any obligation to honor the confidentiality of such documents or information will continue even after the termination of the Lawsuit in which the Protective Order has been entered. I further agree that in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions for such failure. I consent to the jurisdiction of the United States District Court for the Eastern District of Missouri, Eastern Division for purposes relating to the enforcement of this Protective Order.

Date:_____            _____

                                                                         _____

                                                                        _____

                                                                        _____

                                                                        Signatory's Name, Business Affiliation, and Business Address