**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION**

| | |
|---|---|
| TRACEY DAMRAU, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COLIBRI GROUP, LLC.<br><br>Defendant. | Case No. 4:24-cv-01441-SEP |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING MOTION TO DISMISS**

Defendant respectfully submits notice of the attached opinions from the Eastern District of Pennsylvania in *Mull v. Gotham Distributing Corp.* on September 22, 2025, and the Eastern District of Missouri in *Banks v. Costar Realty Info., Inc.* on October 20, 2025, issued after Plaintiffs and Defendant fully briefed Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Docs. 16, 17, 20, 25) and which this Court may consider relevant to Defendants' Motion.

In *Mull*, the Court dismissed the plaintiff's Video Privacy Protection Act ("VPPA") claim alleging that disclosure of his Facebook ID and video titles through the Meta Pixel constituted a disclosure of plaintiff's personally identifiable information ("PII") in violation of the VPPA. *See* No. 2:24-CV-06083, 2025 WL 2712215 (E.D. Pa. Sept. 22, 2025). In his Amended Complaint, the plaintiff included an image of an exemplar source code to illustrate the defendant's disclosures of his PII to Meta via the Meta Pixel. *Id.* The Court noted that the plaintiff did not specify in the Amended Complaint where his Facebook ID appeared in the "strings of letters, symbols, and numbers, in the exemplar source code: transmitted to Meta. *Id.* Relying on the Second Circuit's recent decision in *Solomon v. Flipps Media, Inc.*, 136 F.4th 41 (2d Cir. 2025), the Court noted that a Facebook ID and video title embedded in a computer code does not constitute PII because only

a sophisticated company could decipher the information in the code, which does not satisfy the "ordinary person" standard adopted by the Third Circuit. *Id.* The Court held that to survive a motion to dismiss, a plaintiff must allege facts that would "permit an inference that an ordinary person—not a sophisticated technology company—could identify his video watching habits." *Id.* Because the plaintiff failed to do so based on the allegations in the Amended Complaint, the Court dismissed the VPPA related to the information allegedly disclosed via the Meta Pixel. *Id.*

In *Banks*, the Court dismissed the plaintiff's VPPA claim alleging that disclosure of his Facebook ID and video titles of prerecorded videos on an internet website through the Meta Pixel constituted a violation of the VPPA because the plaintiff failed to state a claim that the defendant was a "'video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider[,]' under 18 U.S.C. § 2710(b)(1)." *See* No. 4:25-CV-00564-CMS, 2025 WL 2959228, at *7 (E.D. Mo. Oct. 20, 2025). The Court analyzed the plain language of the statute as requiring a video tape service provider to be in the business of the rental, sale, or delivery of audio visual materials similar to prerecorded video cassette tapes. *Id.* at *3. The Court held that the videos alleged by Plaintiff were not similar to prerecorded video cassette tapes because "[v]ideo clips transferred via the internet have little in common with a physical medium like a video cassette, particularly in the context of the VPPA." *Id.*

In both its Memorandum in Support and the Reply, Defendant explained that it is not a video tape service provider, and an ordinary person could not decipher Personally Identifiable Information (PII) within the muddle of computer code that is purportedly transmitted by the Pixel, as demonstrated by screenshots throughout the Complaint. *See* Dkt. 17 at 13-15; Dkt. 25 at 12-6. Defendant argued it is not a video tape service provider because the educational materials available

on the websites are not "similar to" prerecorded video cassette tapes. Like the videos in *Banks*, the prerecorded videos here were transferred via the internet and thus are not similar to pre-recorded video cassette tapes. Accordingly, Defendant is not a video tape service provider, and Plaintiff fails to state a claim under the VPPA.

Additionally, Defendant noted that the "ordinary person" standard for defining PII is the leading standard adopted by the majority of courts to address the issue, including the Third and Ninth Circuits. Defendant previously submitted a Notice of Supplemental Authority regarding the Second Circuit's decision in *Solomon*, which is persuasive authority. *See* Dkt. 28. The *Mull* decision provides even more authority that the "ordinary person" standard is the leading standard adopted by the majority of courts. Like the plaintiff in *Mull*, Plaintiffs here bases their VPPA claim on the alleged disclosure of her Facebook ID and phone number to Meta and TikTok via tracking pixels. The transmission of this information would only occur through similar lines of computer code as demonstrated in *Mull*. For the same reasons in *Mull*, the lines of computer code would not be decipherable to an ordinary person, and such allegations are insufficient to withstand a motion to dismiss.

Defendant respectfully submits the Eastern District of Pennsylvania's opinion in *Mull*, attached hereto as Exhibit 1, and the Eastern District of Missouri's opinion in Banks, attached hereto as Exhibit 2, for the Court's consideration regarding Defendant's Motion to Dismiss.

Dated: November 3, 2025

*/s Paul M. Croker*
Paul Croker (Bar #57000)
Nick Slovikoski (Bar #73019)
pcroker@atllp.com
nslovikoski@atllp.com
ARMSTRONG TEASDALE LLP
2345 Grand Blvd., Suite 1500
Kansas City, Missouri 64108
Telephone: 816.221.3420
Fax: 816.221.0786

COUNSEL FOR COLIBRI GROUP, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 3, 2025, the foregoing was filed electronically using the Court's CM/ECF system which will serve a copy upon all parties of record.

*/s/ Paul M. Croker*