IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TRACEY DAMRAU, et al.,<br><br>    *Plaintiff*,<br><br>v.<br><br>COLIBRI GROUP, LLC.,<br><br>    *Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) )   No. 4:24-CV-01441-JMD |

### Order Setting Rule 16 Scheduling Conference

Under the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri, the Court orders the following schedule:

**1.** **Scheduling conference**: Under Rule 16 of the Federal Rules of Civil Procedure, a scheduling conference is set for **December 16, 2025, at 1:00 PM CT by Zoom conference**. Hearing participants are directed to connect using Meeting ID: 160 803 6975, Password: 933837. While the Court prefers video conferencing, participants may dial 1-669-254-5252 to connect via phone. Pursuant to Local Rule 13.02, all means of photographing, recording, broadcasting, and televising are prohibited in any courtroom and in areas adjacent to any courtroom unless authorized by the presiding judge. This prohibition includes proceedings ordered by the Court to be conducted by phone. **Lead trial counsel must appear at the conference**. At the conference, counsel will be expected to discuss, in detail, all matters covered by Rule 16 and all matters set forth in their joint proposed scheduling

1

plan described in paragraph 3 below. A firm and realistic trial setting will be established at or shortly after the conference.

    **2.**     **Meeting of counsel**: Before the date for submission of the joint proposed scheduling plan set forth in paragraph 3 below, counsel for the parties must meet to discuss the following:

- a. the nature and basis of the parties' claims and defenses;
- b. the possibilities for a prompt settlement or resolution of the case;
- c. the formulation of a discovery plan;
- d. any issues relating to preserving discoverable information;
- e. any issues relating to disclosure or discovery of electronically stored information, including:
    - i. the form or forms in which it should be produced;
    - ii. the topics for such discovery and the time period for which such discovery will be sought;
    - iii. the various sources of such information within a party's control that should be searched for electronically stored information; and
    - iv. whether the information is reasonably accessible to the party that has it, in terms of the burden and cost of retrieving and reviewing the information.
- f. any issues relating to claims of privilege or of protection as trial-preparation material, including—if the parties agree on a procedure to assert such claims after production—whether to ask the Court to include their agreement in an order; and

> g. any other topics listed below, or in Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

Counsel will be asked to report orally on the matters discussed at this meeting when they appear before the undersigned for the scheduling conference. Counsel will specifically be asked to report on the potential for settlement; whether settlement demands or offers have been exchanged, without revealing the content of any offers or demands; and suitability for alternative dispute resolution. This meeting is expected to lead to the parties reaching agreement on the form and content of a joint proposed scheduling plan as described in paragraph 3 below.

Only one proposed scheduling plan may be submitted in any case, and it must be signed by counsel for all parties. It will be the responsibility of counsel for the plaintiff to submit the joint proposed scheduling plan to the Court. If the parties cannot agree as to any matter required to be contained in the joint plan, the disagreement must be set out clearly in the joint proposal, and the Court will resolve the dispute at or shortly after the scheduling conference.

3. **Joint proposed scheduling plan**: No later than **December 8, 2025,** counsel shall file with the Clerk of the Court a joint proposed scheduling plan. **All dates required to be set forth in the plan shall be within the ranges set forth below for the applicable track:**

| Track 1: Expedited | Track 2: Standard | Track 3: Complex |
| --- | --- | --- |
| *Disposition w/i 12 mos of filing<br>*120 days for discovery | *Disposition w/i 18 mos of filing<br>*180-240 days from R16 Conf. for discovery/dispositive motions | *Disposition w/i 24 mos of filing<br>*240-360 days from R16 Conf. for discovery/dispositive motions |

**The parties' joint proposed scheduling plan shall include**:

a. whether the track assignment is appropriate (**NOTE: This case is preliminarily assigned to Track 2 (Standard); however, the Court may re-assign this case to another Track at the scheduling conference.**);

b. dates for joinder of additional parties or amendment of pleadings;

c. a discovery plan that includes:

   i. any agreed-upon provisions for disclosure or discovery of electronically stored information;

   ii. any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production;

   iii. a date or dates by which the parties will disclose information and exchange documents pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure;

   iv. whether discovery should be conducted in phases or limited to certain issues;

   v. dates by which each party shall disclose its expert witnesses' identities and reports, and whether serial or simultaneous disclosure is appropriate in the case, as well as dates by which each party shall make its expert witnesses available for deposition;

   vi. whether the presumptive limits of 10 depositions per side—as set forth in Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure—and 25 interrogatories per party—as set forth in Rule 33(a) of the

4

          Federal Rules of Civil Procedure—should apply in this case, and if not, the reasons for the variance from the rules;

    vii. whether any physical or mental examinations of parties will be requested pursuant to Rule 35 of the Federal Rules of Civil Procedure, and if so, by what date that request will be made and the date the examination will be completed;

   viii. a date by which all discovery will be completed (**see applicable track range in paragraph 3 above**); and

    ix. any other matters pertinent to the completion of discovery in this case.

d. the parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive;

e. date for filing any motions to dismiss, motions for summary judgment (**see applicable track range in section 3 above**);

f. the earliest date by which this case should reasonably be expected to be ready for trial (**see applicable track range in section 3 above**);

g. an estimate of the length of time expected to try the case to verdict; and

h. any other matters counsel deems appropriate for inclusion in the joint proposed scheduling plan.

4. **Dispositive motions:**

   a. The parties should discuss among themselves, and be prepared with a response for the Judge, whether there are any case-dispositive threshold issues for the Court to rule on.

   b. The Judge prefers dispositive motions to be fully briefed 120 days before a trial and will generally not grant extensions.

5. **Disclosure statement**: Every nongovernmental corporate party or nongovernmental corporation that seeks to intervene in any case, and every party or intervenor in an action in which jurisdiction is based upon diversity under 28 U.S.C. § 1332(a), must file a Disclosure Statement with the Court under E. D. Mo. L. R. 2.09.

6. **Pro se parties**: If any party appears in this action pro se, such party must (unless incarcerated) meet with all other parties or counsel, participate in the preparation and filing of a joint proposed scheduling plan, and appear for the scheduling conference, all in the same manner as otherwise required by this order.

**IT IS HEREBY ORDERED**.

Dated this 21st day of November, 2025

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE