# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TRACEY DAMRAU and DANIELLE OSHEA, individually and on behalf of all others similarly situated,<br><br>                      Plaintiffs,<br>  v.<br><br>COLIBRI GROUP, LLC,<br><br>                      Defendant. | Civil Action No. 4:24-cv-01441 |

## JOINT SCHEDULING PLAN

Tracey Damrau and Danielle Oshea and Defendant Colibri Group, LLC, by and through undersigned counsel, submit this Joint Scheduling Plan.

**a. Nature and basis of the parties' claims and defenses**:

**Plaintiffs' Position**: Plaintiffs bring this consumer class action based on Defendant's knowing and intentional use of tracking technologies to disclose the specific video materials or services they requested or obtained from Defendant's network of websites to third parties without their prior informed written consent in violation of the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.* ("VPPA"). The tracking technologies are snippets of programming code that can transmit personally identifiable information, such as one's Facebook ID, name, email address, and/or phone number, in a manner that an ordinary person can understand. Defendant knowingly and intentionally installed the Meta Pixel (created by Meta Platforms, Inc. ("Meta"), f/k/a Facebook) and the TikTok Pixel (created by TikTok Inc.) on the following websites that it owns and operates: www.elitelearning.com website, the www.homeceuconnection.com, the www.colibrirealestate.com website, the

www.mckissock.com website, and the www.fhea.com website (collectively, the "Websites"). The Tracking Technologies operate in the same or materially the same manner on each of the Websites on which they have been installed and are governed by the same global privacy policy that Defendant itself generated and uses on each website.  This case also involves Defendant's transmission of personally identifiable information to Meta through the "Custom Audience" feature, which allows a company to upload a customer list that reveals customers' names alongside the prerecorded video material or services they purchased.  Based on these knowing and intentional violations of the VPPA, Plaintiffs are entitled to and seek statutory damages in the amount of $2,500.00, injunctive relief, and reasonable attorneys' fees and costs.

**Defendant's Position**:  Defendant maintains that it has not violated the VPPA. As an initial matter, Plaintiffs have attempted to circumvent standing requirements by attempting to name the parent holding company of numerous non-party subsidiaries, asserting claims regarding websites they did not make any purchase from nor even visit. Colibri Group is not the parent company of the entities referenced in the Complaint. A separate and distinct company, not the parent company, operates the various websites identified in the Complaint. As set forth in Defendant's Motion to Dismiss, Colibri Group is not a proper party in this case, Plaintiffs have not overcome the black-letter presumption that a parent company is not liable for the acts of its subsidiaries, and Defendant should not be forced to incur expenses defending a claim improperly asserted against it and to which Plaintiffs lack standing as to certain allegations and claims. In addition, the VPPA does not apply to the websites at issue. Even if it did, use of the Pixel by the websites does not violate the VPPA including because, *inter alia*, under the ordinary person standard adopted by the Second, Third, and Ninth Circuits, it does not transmit personally identifiably information

as defined under the VPPA.  Neither Defendant, nor the websites at issue are sharing personally identifiable information as defined by the VPPA. Finally, Plaintiffs' above-referenced allegations that this case also involves Defendant's transmission of personally identifiable information to Meta through the "Custom Audience" feature are absent from Plaintiffs' First Amended Complaint.

    **b. Possibility for a prompt settlement or resolution of the case**:

**Plaintiffs' Position**: Plaintiffs believe that there is a possibility for prompt resolution of this matter.  In making their settlement evaluation, Plaintiffs requested that Defendant produce copies of all potentially applicable policies of insurance as well as the number of persons who purchased video courses on the Websites in question during the relevant time period.  In response, Defendant provided that information, and the parties have engaged in settlement discussions.  Plaintiffs believe that a favorable ruling on Defendant's pending motion to dismiss will increase the likelihood of early resolution of this action.

**Defendant's Position**:  Based on the parties' discussions and the positions taken by Plaintiffs in those discussions, Defendant does not believe prompt settlement is likely at this time. Defendant maintains that the case should be resolved as set forth in its Motion to Dismiss.

    **c. Discovery Plan**:

To preserve the parties' resources and promote judicial economy, the Parties agree that discovery should commence after the Court's resolution of the Defendant's Motion to Dismiss, reschedule the Rule 16 Conference, and issue a scheduling order at that time.  To the extent that the Court does not wish to reschedule the Rule 16 conference and issue a scheduling order after issuance of ruling on Defendant's Motion to Dismiss, the Parties propose the following schedule:

    i. **Appropriateness of the Current Track**: The Parties disagree with the "Standard" track designation and believe that the "Complex" track is more appropriate based on the nature of the claims asserted in this action.

    ii. **Deadline for joinder of additional parties or amendment of pleadings**: 10 months after the Court's Ruling on the Motion to Dismiss

    iii. **Deadline to Exchange Rule 26 Initial Disclosures**: 14 days after the Court's Ruling on the Motion to Dismiss

    iv. **Bifurcation of Discovery**: The Parties do not agree and recite their positions below:

**Plaintiffs' Position**: Bifurcation of discovery is inappropriate in this case for two reasons. First, it is most efficient to allow merits and class discovery to proceed concurrently because Plaintiffs' individual claims and the putative class members' claims will rely on the same evidence on the following subjects: (a) the types of tracking technologies Defendant installed on the Websites where it sells video courses to consumers, the ways in which those tracking technologies monitored, tracked, and disclosed to third parties the actions taken by the consumers who visited the Websites during the relevant time period, and Defendant's control, operation, and ownership of the Websites in question during the relevant time period; (b) whether the video materials or services requested or obtained by Plaintiffs and Class members on the Websites constituted pre-recorded video products or services within the meaning of the VPPA; (c) whether Defendant disclosed Plaintiffs' and Class members' personally identifiable information along with the titles of the video materials or

4

services they requested or obtained on its Websites to third parties; (d) whether such disclosures were made by Defendant knowingly; (e) the form and manner of consent, if any, Defendant obtained from Plaintiffs and Class members prior to making such disclosures; (f) whether Defendant's conduct violated the VPPA; and (g) the relief, including the aggregate sum of statutory damages, to which Plaintiffs and Class members are entitled as a result of Defendant's violations of the VPPA.  Second, the interests of both parties and non-parties will be best served by proceeding with a single period of discovery, as this will reduce the burden on third parties since they will not need to perform iterative searches for responsive documents and eliminate the need to serve multiple subpoenas (and potentially take multiple depositions) of Meta, TikTok, and any other relevant third parties. Therefore, to avoid duplicative efforts and minimize the burden on the parties, third parties, and the Court, the most efficient path forward is a single period of discovery.

**Defendant's Position**:   Defendant proposes that the Court bifurcate discovery between Plaintiffs' individual case ("Phase 1"), on the one hand, and merits discovery relating to putative class members' claims ("Phase 2"), on the other hand. In the event a class is certified, Phase 2 will include, among other things, discovery as to the parties' claims and defenses with respect to individual class members, including damages issues. Defendant proposes that a second scheduling order pertaining to Phase 2 be submitted by the parties, if necessary, within 14 days of the Court's ruling on Plaintiffs' anticipated motion for class certification. Defendant anticipates

5

        filing a dispositive motion on Plaintiffs' individual claims after the proposed Phase 1. Phased discovery is not uncommon in large putative class actions and is appropriate for efficiency purposes and to conserve resources by allowing Defendant the opportunity to evaluate and challenge the particular facts supporting the named Plaintiffs' individual claims without imposing the expense of conducting classwide discovery before a motion to certify a class has even been filed or ruled on, and which may be unnecessary given the significant, threshold defects in the merits of named Plaintiffs' claims explained in the Motion to Dismiss.

    v. **Plaintiffs' Deadline to Disclose Experts**: 13 months after the Court's Ruling on the Motion to Dismiss

    vi. **Defendant's Deadline to Disclose Experts**: 14 months after the Court's Ruling on the Motion to Dismiss

    vii. **Deadline to Produce Experts for Deposition**: 15 months after the Court's Ruling on the Motion to Dismiss

    viii. **Limitation on Deposition**: 10

    ix. **Physical or mental examinations of parties**: None

    x. **Discovery Deadline**: 16 months after the Court's Ruling on the Motion to Dismiss

    xi. **Deadline to file Motion for Class Certification**: 17 months after the Court's Ruling on the Motion to Dismiss

    xii. **Deadline to file Dispositive Motions**: 19 months after the Court's Ruling on the Motion to Dismiss

    xiii. **Trial**: 2 years after the Court's Ruling on the Motion to Dismiss

      xiv.    **Length of Trial**: 5 days

d. **Preservation of discoverable information**:

The Parties agree that their preservation obligations under the Federal Rules and common law are sufficient to govern this Action.

e. **Electronically Stored Information**:

The Parties agree to produce and receive all discovery-related productions in their native or near-native format.  To the extent that a search protocol is to be developed, the Parties will meet and confer and submit a proposed ESI protocol for entry by the Court.

f. **Claims of Privilege and Trial Materials**:

The Parties agree that all claims of privilege should be asserted at the time of production.  In the event that a party disagrees with a claim of privilege, the objecting party should attempt to resolve the issue before proceeding to follow the Court's procedure for requesting a telephonic conference from the Court.

Additionally, inadvertent disclosure of information or any documents (including electronic data) that contain information protected by the attorney-client privilege and/or the work product doctrine shall not waive any attorney-client privilege or work product privilege applicable to that information, document, or subject matter. As soon as practicable, the producing party shall inform the receiving party, in writing, that the information or document is subject to a legitimate claim of privilege and the return of the information or document is promptly requested. As soon as practicable upon determining that privileged or work product information or documents have been produced, the receiving party shall inform the producing party in writing of its receipt of privileged or work product information.

Upon receiving written notice of the producing party's claim of privilege, or when the receiving party receives information produced by the other party which the receiving party

7

recognizes as containing privileged or work product information, the receiving party shall treat the information as privileged and either: (1) promptly return the information or document to the producing party, (2) destroy all copies the information or document, or (3) if the receiving party has a good faith basis to believe the information is not privileged, may challenge the producing party's claim. Until an agreement is reached or a determination is made by this Court, such information shall be treated as privileged and may not be used or disclosed in any manner. In the event the receiving party destroys the information, the receiving party shall so inform the producing party in writing within ten (10) days that the information has been destroyed.

    **g. Other Issues**:

        i. **Referral for Mediation**: Not necessary at this time.

Respectfully submitted,

*/s/ Elliot O. Jackson*  
Elliot O. Jackson  
MO Reg. No. 1034536FL  
**HEDIN LLP**  
1395 Brickell Ave., Suite 610  
Miami, Florida 33131-3302  
Telephone: (305) 357-2107  
Facsimile: (305) 200-8801  
ejackson@hedinllp.com  

*Counsel for Plaintiffs and Putative Class*

/s/ *Paul Croker*  
Paul Croker (Bar #57000)  
Nick Slovikoski (Bar #73019)  
pcroker@atllp.com  
nslovikoski@atllp.com  
**ARMSTRONG TEASDALE LLP**  
2345 Grand Blvd., Suite 1500  
Kansas City, Missouri 64108  
Telephone: 816.221.3420  
Fax: 816.221.0786  

*Counsel for Colibri Group, LLC*