**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

TRACEY DAMRAU, *et al.*,

      Plaintiffs,

      v.

COLIBRI GROUP, LLC.

      Defendant.

Case No. 4:24-cv-01441-SEP

**COLIBRI GROUP, LLC'S MOTION FOR RECONSIDERATION
AND MEMORANDUM IN SUPPORT**

Defendant Colibri Group, LLC ("Colibri Group") respectfully requests that the Court reconsider its January 23, 2026 Memorandum and Order (the "Order") denying Defendant's Motion to Dismiss (the "Motion to Dismiss").  *See* Docs. 16, 17, 25, 28, 34 & 40.

In its Order, the Court stated "even Colibri does not deny that the Act applies to digital media distributed over the internet". Order at 5. Respectfully, this statement in the Order does not accurately reflect Colibri Group's position in the briefing on the Motion to Dismiss. Colibri Group does not concede that the VPPA applies to digital media transmitted over the internet. Colibri Group's position is in fact the opposite. Colibri Group discussed this issue in its *Brief Regarding Applicability of Christopherson v. Cinema Ent. Corp., No. 24-3042, 2025 WL 3512393 (8th Cir. 2025). See* Doc. 40. Colibri Group also provided as supplemental authority the Memorandum and Order of Judge Stevens dismissing the VPPA claim in *Banks v. CoStar Realty Info., Inc.,* No. 4:25-cv-00564-CMS, 2025 WL 2959228, at *3 (E.D. Mo. Oct. 20, 2025) and cited *Banks* in its brief regarding *Christopherson*. See Docs. 34, 34-2 & 40. Most pertinent is the holding from *Banks* that "[v]ideo clips transferred via the internet have little in common with a physical medium like a video cassette, particularly in the context of the VPPA." 2025 WL 2959228, at *3. Colibri Group believes this is the correct interpretation. The

*Banks* decision is currently before the Eighth Circuit. *See* Case No. 25-3320.

Colibri Group does not seek reconsideration lightly. However, it is critically important that the record in this case accurately reflect Colibri Group's position on this issue and the basis for it.

**LEGAL STANDARD**

Under Rule 54(b), an interlocutory order "may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and responsibilities. District courts are permitted "substantial discretion" to reconsider prior interlocutory orders. *MacCormack v. Adel Wiggins Grp.*, No. 4:16-CV-414, 2017 WL 1426009, at \*2 (E.D. Mo. Apr. 21, 2017). "The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil procedure 60(b)." *Bancorp Servs., LLC v. Sun Life Assur. Co. of Canada*, No. 4:00-CV-1073, 2011 WL 1599550, at \*1 (E.D. Mo. Apr. 27, 2011). "A court may reconsider an interlocutory order to 'correct any clearly or manifestly erroneous findings of fact or conclusions of law.'" *Level 3 Commc'ns, LLC v. Illinois Bell Tel. Co.*, No. 4:13-CV-1080, 2017 WL 3128987, at \*2 (E.D. Mo. July 24, 2017).

**ARGUMENT**

To qualify as a video tape service provider under the VPPA, a defendant must be "engaged in the business" of "rent[ing], [selling], or deliver[ing] ... prerecorded video cassette tapes or similar audio visual materials". 18 U.S.C. § 2710(a)(4). In its brief regarding *Christopherson*, Colibri Group explained it is not as video tape service provider because the Eighth Circuit's interpretation of the phrase "similar audiovisual materials" forecloses the VPPA from applying here because Colibri Group is not alleged to (and does not) transmit or distribute any physical media to consumers.

2

The Eighth Circuit made clear that the words "similar" and "materials" in the statute are limiting. Importantly, it explained, " '[m]aterials' like prerecorded video cassette tapes have a physical existence." *Christopherson*, 161. F.4th at 528.  In other words, only audio-visual content stored on physical – material – media is potentially encompassed the VPPA, and not *immaterial* content-delivery vehicles like videos delivered via the internet. *Accord Banks*, 2025 WL 2959228, at *3. Plaintiffs here do not allege that the videos they requested or watched have any physical existence. Nor can they.

This conclusion is further supported by the VPPA's legislative history, which states that the scope of the law was intended to cover the "rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials, **such as laser discs, open-reel movies, or CDI technology**."  *See* S. Rep. No. 100-599, at 12 (emphasis added). If, for example, Plaintiffs alleged that they received a CD or a disc containing prerecorded videos when they enrolled in a course on www.elitelearning.com, they might have a stronger argument under the VPPA. But here, where nothing physical was provided to them whatsoever, they cannot state a claim under *Christopherson.*

Because it is not alleged that Colibri Group is engaged in the business of delivering materials or anything with a physical existence, Plaintiffs have not alleged that Colibri Group is a video tape service provider under the VPPA. A finding to the contrary necessarily requires substantial factual assumptions beyond what Plaintiffs have pled and beyond what the standards governing a motion to dismiss allow to be considered.

## CONCLUSION

For the foregoing reasons, Colibri Group, LLC respectfully requests this Court reconsider its Order and grant Defendants' Motion to Dismiss because the Amended Complaint fails to allege it is "video tape service provider" under the VPPA.

Dated: February 6, 2026

/s/ Paul Croker
Paul Croker (Bar #57000)
Nick Slovikoski (Bar #73019)
pcroker@atllp.com
nslovikoski@atllp.com
ARMSTRONG TEASDALE LLP
2345 Grand Blvd., Suite 1500
Kansas City, Missouri 64108
Telephone: 816.221.3420
Fax: 816.221.0786

COUNSEL FOR COLIBRI GROUP, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 6, 2026, the foregoing was filed electronically using the Court's CM/ECF system which will serve a copy upon all parties of record.

/s/ Paul Croker

4