**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TRACEY DAMRAU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLIBRI GROUP, LLC,<br><br>Defendant. | Case No.: 4:24-cv-01441-JMD |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter is before the Court on Plaintiff's unopposed motion for preliminary approval of a proposed class action settlement pursuant to Federal Rule of Civil Procedure 23(e). Based on this Court's review of the Parties' Settlement Agreement and Plaintiff's Unopposed Motion for Preliminary Approval of Settlement, and all files and submissions, good cause being shown and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED:**

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. Plaintiff has moved, without opposition from Defendant, for an order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement, release of claims, and dismissal of the Action with prejudice. The Court having read and considered the Settlement Agreement and having heard the Parties and being fully advised on all aspects of this dispute, hereby preliminarily

approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 5 of this Order, certifies the Settlement Class for purposes of settlement only and finds that the Settlement Class defined below is likely to be certified for purposes of entering the Final Approval Order, appoints Class Counsel and the Class Representative, and approves the Notice Plan.

3. This Court finds that it has jurisdiction over the subject matter of this action and, for purposes of the Settlement only, over all Parties to the Action.

4. The Court finds, pursuant to Rule 23(e)(1)(B), that it will likely be able to approve the Settlement under Rule 23(e)(2) and to certify the Settlement Class for purposes of judgment on the Settlement, and that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between the Parties and their respective counsel, who are experienced class action attorneys, with the assistance of an experienced mediator, Jill R. Sperber of Judicate West; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including, for settlement purposes only, Rule 23 of the Federal Rules of Civil Procedure, (d) is not a finding or admission of liability by the Defendant or any other person or entity, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law; and (e) nothing about Defendant's participation in settlement discussions, execution of

the Settlement Agreement, and/or any actions taken and statements made in furtherance of the Settlement and/or the Settlement Agreement will be deemed an admission or waiver.

**FINAL APPROVAL HEARING**

5. The Final Approval Hearing shall be held before this Court on February 11, 2027, at 8:30 a.m. Central Time, at the Thomas F. Eagleton U.S. Courthouse, 111 South 10th Street, St. Louis, Missouri 63102, to determine (a) whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether the Attorneys' Fee Award requested by Class Counsel should be approved; and (d) whether the Service Award requested by the Class Representative should be approved. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class, but if the Final Approval Hearing is hereafter adjourned, the Settlement Administrator shall update the Settlement Website to prominently display the new date and time of the hearing.

6. Class Counsel shall file a Motion for Final Approval and accompanying proposed Final Approval Order and Judgment no later than fourteen (14) days before the Final Approval Hearing.

7. The Settlement Administrator shall compile and provide to Class Counsel and Defendant's counsel a conclusive and complete list of Opt-Outs within five (5) days of the Final Approval Hearing. Subject to confirmation by Class Counsel and Defendant's counsel as to the accuracy of the list, such list shall then be attached by Class Counsel to the Final Approval Order as Exhibit A.

8. Class Counsel shall file any application for an Attorneys' Fee Award , and Plaintiff shall file any application for a Service Award, by no later than December 22, 2026.

9. For purposes of settlement only, the Court appoints: (a) Plaintiff's counsel at Hedin LLP as Class Counsel for the Settlement Class; and (b) Plaintiff, Tracey Damrau, as Class Representative of the Settlement Class. The Court finds that Hedin LLP is competent and capable of exercising the responsibilities of Class Counsel and that Plaintiff will adequately protect the interests of the Settlement Class defined below.

**PRELIMINARY APPROVAL OF THE SETTLEMENT AND CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS**

10. For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> All persons who made purchases of or subscribed to products or services of the Colibri Entities containing prerecorded video material from any of the Colibri Websites between October 25, 2022 and June 4, 2026.

11. Excluded from the Settlement Class are the Released Parties (including Colibri Group, LLC and the Colibri Entities) and their employees, officers, directors, agents, and representatives, and their immediate family members; Class Counsel; and the Court, the Court's immediate family members, and Court staff.

12. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 5 of this Order, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of fact and law common to the Settlement Class; (c) the Class Representative is a member of the Settlement Class and her claims are typical of the claims of the members of the Settlement Class; (d) the Class Representative and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; (e) common questions of law or fact predominate over questions affecting

individual members; and (f) a class action is a superior method for fairly and efficiently adjudicating the Action.

13. If the Settlement Agreement does not receive the Court's final approval or if final approval is reversed on appeal, or if the Settlement Agreement is terminated pursuant to its provisions or otherwise fails to become effective, the Court's grant of class certification for settlement purposes shall be vacated, and the Class Representative and the Settlement Class will once again bear the burden of establishing the propriety of class certification. In such a case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**NOTICE AND ADMINISTRATION AND CLAIMS PROCESS**

14. The Court approves, as to form, content, and distribution, the Settlement Class Notice Program set forth in the Settlement Agreement, including the Claim Form attached to the Settlement Agreement as **Exhibit A** and the Class Notices attached to the Settlement Agreement as **Exhibits B–C**, and finds that such Class Notice is the best notice practicable under the circumstances, and complies fully with the requirements of the Federal Rules of Civil Procedure, including Rule 23. The Court also finds that the Class Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process, the rules of the Court, and any other applicable law (including, but not limited to, Fed. R. Civ. P. 23). The Court further finds that the Class Notice is reasonably calculated, under all circumstances, to reasonably apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, their right to object to the Settlement or to Opt-Out of the Settlement Class, and their right to enter an appearance through counsel and to appear at the Final Approval Hearing. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary

in this Action. The Parties, by agreement, may revise the Class Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

15. The Court approves the request for the appointment of Simpluris, Inc. as Settlement Administrator under the Settlement Agreement.

16. Pursuant to Section VI of the Settlement Agreement, the Settlement Administrator is directed to disseminate the Class Notice to Settlement Class Members, and to establish the Settlement Website and publish the long-form Class Notice and the Claim Form on the Settlement Website, in the form and manner specified in the Settlement Agreement, by no later than thirty (30) days after entry of this Order (the "Notice Date"). Within fourteen (14) days after entry of this Order, Defendant shall provide the Settlement Class List to the Settlement Administrator as provided in the Settlement Agreement.

**CLAIMS DEADLINE**

17. Settlement Class Members who wish to receive a *pro rata* share of the Net Settlement Fund must complete and submit a timely and valid Claim Form in the manner set forth in the Settlement Agreement. To be valid, a Claim Form must be submitted on the Settlement Website by no later than 11:59 p.m. Central Time on March 12, 2027 (the "Claims Deadline").

**EXCLUSIONS AND OBJECTIONS**

18. Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" of the Settlement Class. To be valid and become an Opt-Out, a Settlement Class Member must send a written request for exclusion to the Settlement Administrator via first-class U.S. mail, postmarked on or before January 11, 2027 (the "Opt-Out and Objection Date"), in compliance with all requirements and procedures set forth in the Settlement Agreement and the Class Notice. A request to be

excluded that does not include all of this information, or that is sent to an address other than that designated in the Class Notice, or that is not postmarked within the time specified, shall be invalid, and the person serving such a request shall be a member of the Settlement Class and shall be bound as a Settlement Class Member by the Settlement Agreement, if approved. Any members of the Settlement Class who validly becomes an Opt-Out shall not (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief or any benefits under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to, file an objection to the Settlement. A Settlement Class Member who has submitted an Opt-Out may withdraw it by written notice to the Settlement Administrator on or before the Opt-Out and Objection Date.

19. The Settlement Administrator shall provide the Opt-Out List to Class Counsel and Defense Counsel within seven (7) days after the Opt-Out and Objection Date, and in advance of the Opt-Out and Objection Date shall provide the then-current Opt-Out List to Class Counsel and Defense Counsel upon written request by either Class Counsel or Defense Counsel

20. Any members of the Settlement Class who have not timely submitted a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Approval Order and Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to any Attorneys' Fee Award sought by Class Counsel or Service Award sought by the Class Representative. To object, a Settlement Class Member must submit a written objection that complies with all of the requirements and procedures set forth in the Settlement Agreement and the Class Notice, and must either file the objection with the Court on the docket of the Action, or mail it to both the Settlement Administrator and the Clerk of the Court at the addresses set forth in the Class Notice (postmarked), on or before the Opt-Out and Objection

Date, January 11, 2027. Any objection that does not comply with these requirements shall be void. A Settlement Class Member may object on his or her own or through an attorney hired at his or her own expense.

21. No later than December 22, 2026, Class Counsel shall file any application for an Attorneys' Fee Award and Class Representative shall file any application for a Service Award. Such applications shall be promptly posted (within one (1) day of filing) to the Settlement Website by the Settlement Administrator to allow Settlement Class Members a sufficient opportunity to review such applications before the Opt-Out and Objection Date.

22. If an objecting party chooses to appear at the Final Approval Hearing, then by no later than January 11, 2027, a notice of intention to appear, either in person or through an attorney, shall be filed with the Court and list the name, address, and telephone number of the person and any attorney who will appear on their behalf, and a statement indicating whether he or she intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court).

23. Any Settlement Class Member who fails to timely file or mail a written objection in compliance with the requirements and procedures set forth in the Settlement Agreement shall be deemed to have waived and forfeited any objection, and any and all rights he or she may have to object, shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement (including (a) whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether the Attorneys' Fee Award requested by Class Counsel should be approved; and (d) whether the Service Award requested by the Class Representative should be approved), and shall be

bound by all terms of the Settlement, and by all proceedings, orders, and judgments in the Action.

**OTHER MATTERS**

24. All further proceedings in the Action are ordered stayed until entry of the Final Approval Order and Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

25. Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

26. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

27. Any Settlement Class Member who does not become an Opt-Out and who does not timely and validly submit a Claim Form: (a) shall be forever barred from participating in any distributions of the Settlement Fund; (b) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Final Approval Order and Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (c) shall forever be barred from bringing any action or claim against any of the Released Parties for any of the Released Claims.

28. If the Settlement Agreement is terminated pursuant to Section X of the Settlement Agreement, the Settlement Agreement will be of no force and effect and the

Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed, and any orders entered by the Court in connection with the Settlement Agreement will be vacated. If the Settlement Agreement is terminated pursuant to Section X of the Settlement Agreement after Defendant has funded the Settlement Fund in accordance with the Settlement Agreement, the entire Settlement Fund shall belong to and be returned to Defendant immediately, but no later than ten business days after entry of the Court's Order terminating the Settlement Agreement.

IT IS SO ORDERED.

Dated: October 13th, 2026

Hon. Joshua M. Divine
United States District Judge